**In re David E. VAUGHN and Debbie S. Vaughn, Debtors.**

**HEIGHTS FINANCE CORPORATION, Plaintiff,**

v.

**David E. VAUGHN and Debbie S. Vaughn, Defendants.**

**Bankruptcy No. 185–02881. Adv. No. 86–8068.**

United States Bankruptcy Court, C.D. Illinois.

Nov. 20, 1986.

Kevin D. Schneider, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., for plaintiff.

James S. Brannon, Peoria, Ill., for defendants.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Section 522(f) of the Bankruptcy Code permits a debtor to avoid certain liens to the extent that they impair an exemption to which the debtor would have been entitled. The exemption laws of many states, including Illinois, provide that it is only the debtor's equity interest in property which is exempt. The question before the Court is whether a lien can be avoided under Section 522 when applicable state law has defined lien encumbered property as non-exempt. That issue is one which has spawned proliferous litigation and its importance, at least in theory, to the average debtor cannot be overstated.[1]

On July 18, 1985, David and Debbie Vaughn, the debtors, borrowed $3,586.45 from Heights Finance Corporation (HEIGHTS). At the same time they signed a security agreement which gave HEIGHTS a security interest in certain collateral, including a camera and Zenith stereo system. Five months later, the Vaughns filed their Chapter 7 petition in bankruptcy. The amount then due on the loan exceeded the value of the collateral. HEIGHTS brought an adversary proceeding seeking that its debt be held nondischargeable under Section 523(a)(6) of the Bankruptcy Code for willful and malicious conversion of property in which it had a security interest. Because the Vaughns had sold or disposed of only some of the items of collateral, HEIGHTS also sought a return of those items used as collateral which still remained in the Vaughns' possession. Prior to trial, the Vaughns filed a motion to avoid the lien of HEIGHTS on the camera and stereo under Section 522(f) which permits a debtor to avoid nonpossessory, nonpurchase money security interests in household goods. HEIGHTS objected to the motion, contending that the property was not exempt under Illinois law because the Vaughns had no equity in it. HEIGHTS also maintained that neither the stereo or the camera were "household goods" within the meaning of Section 522(f).

At trial, which was held on July 9, 1986, this Court determined that the debt due HEIGHTS was nondischargeable in part and reserved ruling on the Vaughns' motion to avoid the lien on the stereo system.[2]

Section 522(f) of the Bankruptcy Code provides, in pertinent part:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fix-

---

**1.** The legislative history of Section 522(f) discloses that Congress determined that creditors frequently took a security interest in all of the debtor's household goods not to have property against which to execute in the event of the debtor's default but rather to coerce repayment through threats of repossession. As explained by Congress:

"In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by overreaching creditors. This bill eliminates any unfair advantage creditors have." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 127 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 6087–88.

Accordingly, in most instances, the question of the debtor's power to avoid the creditor's lien will not arise as the creditor has no desire to be saddled with the debtor's household goods and furnishings, which have little, if any, resale value. This case represents one of the exceptions.

**2.** The Vaughns testified at the trial that the camera had been stolen.

ing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor."

Under Section 522(b) of the Code, which contains the general operative exemption provisions, a debtor has a choice—he may claim either the federal exemptions or applicable state exemptions, unless the state prohibits the use of the federal exemptions. The great majority of states, including Illinois, have enacted opt-out legislation, precluding use of the federal exemptions set out in subsection (d) of Section 522.

In addition to specific items which a debtor may claim as exempt, the Illinois personal property exemption statute provides that a debtor may exempt "[t]he debtor's equity interest, not to exceed $2,000.00 in value, in any other property." Ill.Rev.Stat.1985, ch. 110, par. 12–1001(b). HEIGHTS contends that the Vaughns may not avoid its lien on the stereo because under Illinois law it is only the debtor's *equity* interest which is exempt. The substance of HEIGHTS' position is that the Vaughns may only avoid a lien on property which is exempt under Illinois law; that lien encumbered property is not exempt under Illinois law; and accordingly, that the Vaughns may not avoid a lien on property under Section 522(f) in order to qualify it for exemption under Illinois law.

HEIGHTS' position is not without support. In *In re Pine*, 717 F.2d 281 (6th Cir.1983), cert. denied, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), the court held that the lien avoidance provision of Section 522(f) only comes into play after there has been a determination of what

property is exempt under Section 522(b). Thus, the court held that the exemption statute of Tennessee which provided for the exemption for the "debtor's equity interest" precluded the debtor from avoiding a nonpossessory, nonpurchase money security interest in household goods under Section 522(f). In agreement with the result reached by the court in *Pine* is the decision of the Second Circuit Court of Appeals *In Matter of McManus*, 681 F.2d 353 (5th Cir.1982), wherein the court determined that the broad discretion accorded to the states under Section 522(b) to fashion their own exemption laws encompasses the option of excluding mortgaged property. *Accord, Allen v. Hale County State Bank*, 725 F.2d 290 (5th Cir.1984); *In re Wolfe*, 51 B.R. 900 (Bkrtcy.W.D.Tex.1985).

Those decisions have been criticized by other courts. *See, In re Maddox*, 713 F.2d 1526 (11th Cir.1983); *In re Thompson*, 59 B.R. 686 (Bkrtcy.N.D.Tex.1986); *In re Moyer*, 39 B.R. 211 (Bkrtcy.N.D.Ga.1984). Courts which have rejected the view that state exemption laws can override the lien avoidance provisions of Section 522(f) have generally done so on policy considerations as well as the legislative history of that section which provides that Congress' intent was to protect a debtor's ability to exempt property and thus facilitate his fresh start by providing that a debtor may avoid a nonpossessory, nonpurchase money security interest in certain household goods "to the extent that the property could have been exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6318. *See, In re Hall*, 752 F.2d 582 (11th Cir.1985).

■ This Court does not view the Code and the Illinois statute as conflicting and irreconcilable. Section 522(f) provides that a debtor may avoid a lien only "to the extent that such lien impairs an exemption to which the debtor *would* have been entitled." Consequently, a lien is voidable under that section if it impairs an exemption to which the debtor would have been entitled to under state law *but for* the lien.

Stated another way, in order to determine if the lien impairs an exemption one looks to the exemptions available under state law "as if the security interest in question did not exist." *In re Weiss*, 51 B.R. 224, 226 (D.C.D.Colo.1985). The lien avoidance provision of Section 522(f) is independent of the state opt-out provision of Section 522(b). Certainly the states are free to structure their exemption laws as they see fit. Notwithstanding a state law definition of lien encumbered property as nonexempt, a debtor may nonetheless avoid a lien on household goods under Section 522(f)(2)(A). The debtor's lien avoidance power is limited, however, to the amount of the exemption fixed by state law.

The decision that we reach today is in accord with a recent opinion of this Court in *In re Allman*, 58 B.R. 790 (Bkrtcy.C.D. Ill.1986). In that case, Judge Ginsberg identified four requirements of Section 522(f): (1) the lien the debtor seeks to avoid is a nonpossessory, nonpurchase-money security interest in the specifically enumerated property; (2) the debtor has an interest in the property; (3) the debtor claims an exemption in the property to which the debtor is entitled under Section 522(b); and (4) the creditor's lien impairs the debtor's exemption. Without discussing other cases which have wrestled with the issue, the court held that the debtor could avoid the creditor's lien on his tools of trade in which the debtor had no equity.[3]

 Having determined that the Illinois statute does not preclude application of the lien avoidance provisions of Section 522(f), the remaining issue is whether a stereo is a "household good" within the meaning of Section 522(f)(2)(A). HEIGHTS relies principally upon rules of the Federal Trade Commission, the Federal Home Loan Bank Board and the Federal Reserve Board which define household goods as to exclude electronic entertainment equipment, such as a stereo, with the exception of one television and one radio. *See*, 16 C.F.R. 444.-

2(a)(4). The bankruptcy court in *In re Boyer*, 63 B.R. 153 (Bkrtcy.E.D.Mo.1986), rejected the creditor's contention that the FTC definition of household goods should be determinative for purposes of lien avoidance under the Bankruptcy Code. *Accord, In re Vaughn*, 64 B.R. 213 (Bkrtcy.S.D.Ind. 1986); *Matter of Smith*, 57 B.R. 330 (Bkrtcy.N.D.Ga.1986). The court in *Boyer* stated that for purposes of Section 522(f)(2)(A),

> "[H]ousehold goods include more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." 63 B.R. 153, 159.

The court concluded that the debtor's stereo system was a household good subject to lien avoidance as the creditor had failed to rebut the presumption that the stereo was of little resale value. Other courts have reached similar conclusions regarding stereos. *In re Coleman*, 5 B.R. 76 (Bkrtcy.M.D.Tenn.1980); *Matter of Beard*, 5 B.R. 429 (Bkrtcy.S.D.Ia.1980); *In re Bandy*, 62 B.R. 437 (Bkrtcy.E.D.Cal.1986); *In re Lucas*, 62 B.R. 949 (Bkrtcy.S.D.Cal. 1986). This Court agrees with the holdings of those courts and concludes that the Vaughns may avoid HEIGHTS' lien on the stereo system.

For the foregoing reasons, IT IS ORDERED that the motion to avoid the lien under Section 522(f) filed by the Vaughns against HEIGHTS be, and the same is hereby ALLOWED.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

3. Like the wild-card exemption, the tools of the trade exemption is limited to the debtor's "equity interest." The debtor in *Allman* was also permitted to exempt tools of his trade under the wild-card exemption which is at issue here.