**In re Dan Louis KELLY, Brenda Gail Kelly, Debtors.**

**Bankruptcy No. 391–33507 RCM–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Nov. 12, 1991.

---

Charles B. Hendricks, Dallas, Tex., for debtors.

David L. Pritchard, Ft. Worth, Tex., for Norwest.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

The following are the Court's Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052, with respect to the October 25, 1991 hearing on the motion of Dan Louis Kelly and Brenda Gail Kelly ("Debtors") to avoid the lien of Norwest Financial ("Norwest").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (K).

1. The Texas exemption statute states in pertinent part: Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family or $30,000 for a family) "is exempt from attachment, execution, and seizure for the satisfaction of debts, *except for encumbrances properly fixed on the property."* Tex.Prop.Code Ann., § 42.001(a) (Vernon 1990).

### Background Facts

Debtors filed a voluntary Chapter 7 proceeding on May 2, 1991. At the time of the filing, they owed Norwest $4,117.25, secured by a perfected non-purchase money lien on certain furniture and a piano.

Debtors filed an exemption statement claiming the full exemptions permitted under Texas law. On August 20, 1991, Debtors moved to avoid Norwest's lien under § 522(f) to allow them to exempt their household goods and furnishings from the bankruptcy estate.

### Conclusions of Law

Norwest's lien is subject to avoidance under § 522(f), and Debtors' motion is granted.

Section 522 determines what property a debtor may exempt through a bankruptcy proceeding. Under § 522(b), a debtor may select between the federal exemptions set forth in § 522(d), or the exemptions provided by his state. In addition to creating federal exemptions and preserving state ones, § 522 permits a debtor to avoid certain liens, to the extent the lien impairs an exemption to which the debtor would have been entitled under subsection (b) of § 522. § 522(f).

██ Up until recently, § 522(f) did not apply to debtors who elected to take Texas state exemptions. Section 522(f)'s operation was precluded by the built-in limitations of the Texas exemption statute, which specifically excluded encumbered property from qualifying as exempt under § 522(b).[1] Because Texas' personal property exemptions did not attach to property encumbered by pre-existing liens, no "impairment" of property rights was recognizable, within the meaning of § 522(f). *Matter of McManus,* 681 F.2d 353 (5th Cir.1982); *Matter of Allen,* 725 F.2d 290 (5th Cir.

Effective May 24, 1991, the Texas Legislature has amended § 42.001(a). Though the amendment increases the amount of eligible exempt property, it does not remove the limitation that excludes property encumbered by preexisting liens from exemption.

1984); *Matter of Bessent,* 831 F.2d 82 (5th Cir.1987).

 Recently, the Fifth Circuit decisions have been overruled by the Supreme Court decision *Owen v. Owen,* —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). *Owen* rejected outright the Fifth and Eleventh Circuits' analysis of § 522(f), preferring the uniform practice of lower courts in their application of § 522(f)—"Ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid" the lien, and recover the property. *Owen, supra* 111 S.Ct. at 1837–1838. That is, if unencumbered property of a type may be exempted under the state exemption statute, then any non-possessory, non-purchase money lien on that property can be avoided under § 522(f). *In re Brown,* 734 F.2d 119 (2nd Cir.1984); *In re Leonard,* 866 F.2d 335 (10th Cir.1989); *Dominion Bank of Cumberlands, NA v. Nuckolls,* 780 F.2d 408 (4th Cir.1985); *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa.1989). Central to *Owen's* analysis is the following proposition: although a state may elect to control what property is exempt under state law, federal law determines the availability of lien avoidance under § 522(f) of the Code. That manner of applying § 522(f) is to be adopted under both the state and federal exemption schemes. *Owen, supra* 111 S.Ct. at 1838.

The House and Senate Judiciary Committee Reports bolster *Owen's* broad interpretation of § 522(f).[2] The House Judiciary Committee Report specifically states that subsection (f) protects the debtor's exemptions and his fresh start by permitting him to avoid liens on exempt property "to the extent that property could have been exempted *in the absence of the lien."* (Emphasis provided). *Leonard, supra* at 337; H.Rep. No. 595, 95th Cong. 1st Sess. 362, reprinted in U.S.Code Cong. & Admin.News (1978) at pp. 5787, 6318. The Senate Judiciary Committee utilized identi-

cal language. S.Rep. No. 989, 95th Cong., 2d Sess. 76, reprinted in U.S.Code Cong. & Admin.News (1978) at pp. 5787, 5862.

 In the case at hand, Norwest was owed $4,117.25 as of the date of the bankruptcy filing. Debtors contend the fair market value of the property on which Norwest claims a lien is $1,650. This valuation was undisputed. No other creditor is listed on Debtors' schedules as claiming a lien in Debtors' household furnishings. Norwest's lien impairs Debtors from claiming the property as exempt, in that Debtors would be entitled to an interest in the property, to which a § 522(b) exemption could attach in the absence of the lien. Norwest's lien is, therefore, voidable. Debtors' motion to avoid the lien is granted.

---

2. The legislative history reveals that Congress enacted § 522(f) in response to what it viewed as unconscionable creditor practice in the consumer loan industry. *In the Matter of Thompson,* 750 F.2d 628 (8th Cir.1984), and cases cited

therein. Section 522(f)(2) was intended to "provide debtors with a mechanism by which they could extricate themselves from 'adhesion contracts' impairing a 'fresh start'." *Thompson, supra* at 630.