**In re Harvey BLACKSTONE and Bonnie Blackstone, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Harvey BLACKSTONE and Bonnie Blackstone, Defendants.**

**Bankruptcy No. 587–50290–7.**
**Adv. No. 591–5067.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

July 9, 1992.

Thomas E. Tollett, Littlefield, Tex., for debtors.

E. Scott Frost, Asst. U.S. Atty., Lubbock, Tex., for U.S. on behalf of the Farmers Home Admin.

Floyd D. Holder, Jr., Lubbock, Tex., Chapter 7 Trustee.

## MEMORANDUM OF OPINION ON RECOVERY OF PROPERTY

JOHN C. AKARD, Bankruptcy Judge.

The question presented in this case is whether a valid, nonpossessory, nonpurchase-money lien can be avoided under § 522(f)(2)(B) of the Bankruptcy Code [1] with respect to an exempt 1971 Case Tractor (the Tractor). If the United States Supreme Court opinion of *Owen v. Owen*, ── U.S. ──, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) is applied retroactively then the Debtors may avoid the lien.[2] The court finds that procedural requirements bar the retroactive application of *Owen v. Owen* and the lien on the Tractor may not be avoided.

### FACTS

On April 3, 1987 Harvey and Bonnie Blackstone (Debtors) filed for relief under Chapter 7 of the Bankruptcy Code. The Debtors chose the state exemptions available under § 522(b)(2)(A). Among the items claimed as exempt was the Tractor. Tex.Prop.Code Ann. § 42.002(3)(B) (Vernon 1984). The Farmers Home Administration (FmHA) did not object to the Debtors' exemption of the Tractor within the 30–day period provided in FED.R.BANKR.P. 4003(b).

On September 28, 1987 the United States of America, on behalf of the FmHA, filed a proof of claim in the amount of $143,748.13 asserting a nonpossessory, nonpurchase-money lien on real and personal property, including the Tractor. On August 10, 1987 the Debtors received their discharge and the case was closed on February 19, 1988. The Debtors refused to surrender the Tractor to the FmHA.

On July 15, 1991 FmHA filed a Motion to Reopen the case asserting that it is entitled to the Tractor regardless of the Tractor's exempt status because a nonpossessory, nonpurchase-money lien cannot be avoided based on the applicable law. At a September 9, 1991 hearing the Motion to Reopen was granted. On September 10, 1991, the FmHA filed this adversary proceeding to recover the Tractor which the Debtors still refuse to release to the FmHA.

This matter was submitted without oral argument. The parties stipulated in the Joint Pretrial Order that the FmHA has a valid, perfected security interest in the Tractor. The Debtors argue that since the FmHA did not timely object to the Debtor's claimed exemption, the court should not address the merits of the FmHA's arguments. The Debtors imply that because the property was exempt, it is not subject to a lien.[3]

### STATUTE

Section 522(f) states in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

. . . .

(B) implements, professional books, or tools, of the trade of the debtor. . . .

### · DISCUSSION

*The Tractor's Exempt Status*

■ Since the FmHA did not object to the Debtor's claimed exemption of the Tractor within the 30–day period provided in FED.R.BANKR.P. 4003(b), the Tractor is exempt as claimed. § 522(*l*); *Taylor v.*

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B) and (K).

3. The Debtors did not file in their bankruptcy case a motion to avoid the lien under § 522(f), nor did they ask for such relief in this adversary proceeding.

*Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

### Retroactivity of Owen

The date the petition is filed is the date on which property comprising the debtor's estate is determined and the rights of others connected with the proceeding are adjusted. § 522(b), § 541(a); *Ross v. Carey,* 174 F.2d 872 (5th Cir.1949). The Debtors filed their petition on April 3, 1987. As of that date, the exemptions claimed by the Debtors under the Tex.Prop.Code Ann. § 42.002(3)(B) (Vernon 1984) were subject to nonpossessory, nonpurchase-money liens. *Allen v. Hale County State Bank (In re Allen),* 725 F.2d 290 (5th Cir.1984).

After *Allen,* several other cases addressed lien avoidance under § 522(f)(2)(B). *Bessent v. United States (FmHA) (In re Bessent),* 831 F.2d 82 (5th Cir.1987); *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *In re Kelly,* 133 B.R. 811 (Bankr.N.D.Tex.1991). *Owen* and *Kelly* allowed the avoidance of nonpossessory nonpurchase-money liens which impair an exemption. Thus, if these cases were retroactively applied, the FmHA's lien against the Debtor's Tractor could be avoided.

In *James B. Beam Distilling Co. v. Georgia,* — U.S. —, —, 111 S.Ct. 2439, 2448, 115 L.Ed.2d 481 (1991) (hereinafter *Jim Beam*) the Supreme Court addressed retroactivity. The Court wrote that "[W]hen the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.,* — U.S. at —, 111 S.Ct. at 2448. The procedural requirements in this case bar retroactive application of *Owen* and its progeny because the rights of the parties became fixed at the time the Debtors filed their petition and the case was closed. The only reason that the case was reopened was that the Debtors refused to cooperate with the FmHA by not surrendering the Tractor.

The Bankruptcy Court is a court in equity. The maxims and principles of equity will not allow the Debtors to profit from their failure to timely surrender the Tractor to the FmHA.[4] Further, it would frustrate the purposes of the Bankruptcy Code if debtors were allowed to refuse to surrender items to lienholders and then reopen their bankruptcy cases years later after the law had changed in their favor.

### CONCLUSION

The court will not retroactively apply *Owen* to this case because it is barred by procedural requirements from doing so. *Jim Beam,* at —, 111 S.Ct. at 2448. The court finds that the Tractor is subject to the FmHA's nonpossessory, nonpurchase-money lien.[5]

---

**4.** Bankruptcy Judge Leif Clark of the Western District of Texas would refer to this as the "tain't fair" rule.

**5.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. This Memorandum will be published.