**In re Jeanne M. PARRISH, Debtor.**

**Bankruptcy No. 95–30789–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

Aug. 29, 1995.
As Amended Sept. 28, 1995.

Claire Ann Resop, Jenswold, Studt, Hanson & Gennrich, Madison, WI, for debtor.

J. David Krekeler, Collins, Beatty & Krekeler, Madison, WI, for First Natl. Bank of Platteville.

MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Jeanne Parrish ("Parrish") filed a Chapter 7 bankruptcy on March 13, 1995 and elected

the exemptions provided by the State of Wisconsin. At the time of filing, Parrish was engaged in farming and claimed an exemption for two tractors as "tools of the trade" under WisStat § 815.18(3)(b) for $7,500, the full amount exemptible under the statute. The two tractors were subject to a nonpurchase money security interest of First National Bank of Platteville ("Bank").

Parrish moved to avoid Bank's lien pursuant to 11 U.S.C. § 522(f)(1)(B) (1995). The Bank objected and a hearing was held on June 29, 1995. The basis of the Bank's objection was that Parrish was no longer engaged in farming and therefore was not entitled to the exemption. The objection was overruled because at the time of filing, Parrish was engaged in farming and after filing, intended to resume farming. Although found to be entitled to the exemption and to avoid the Bank's lien, the extent to which Parrish may avoid the lien was taken under advisement.

The Bank argued that under 11 U.S.C. § 522(f)(3) (1995), Parrish could only avoid Bank's lien up to $5,000. Section 522(f)(3) is part of the newly enacted Bankruptcy Reform Act of 1994 and is applicable in the present case, which was filed after October 21, 1994. At the time of the hearing, there was little help from either case law or legislative history concerning the interpretation and impact of § 522(f)(3).

Section 522(f)(3) provides:

(3) In a case in which State law is applicable to the debtor

(A) permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and

(B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent

that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;

the debtor may not avoid the fixing of a lien on an interest of the debtor or a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase money security interest in implements, professional books, or tools of the trade of the debtor or a dependent of the debtor or farm animals or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, and crops exceeds $5,000.

Neither party disputes that in order for the section to apply, two separate criteria must be met. First, either the debtor has voluntarily chosen to use the state exemptions or the state has opted out of the federal exemptions. 11 U.S.C. § 522(f)(3) legislative history and comment (1995). In the present case, although Parrish could have chosen the federal exemptions, she opted for the state exemptions. Thus, the first requirement has been met.

The second requirement is that either the state statute provides an unlimited exemption of property, or it prohibits avoidance of a consensual lien that could otherwise be claimed exempt.[1] The Bank does not contend that Wisconsin allows debtors to claim exemptions in an unlimited amount. Rather, it argues that Wisconsin expressly prohibits the avoiding of consensual liens. Section 815.18(12) of the Wisconsin Statutes provides:

(12) Limitations on Exemptions. No property otherwise exempt may be claimed as exempt in any proceeding brought by any person to recover the whole or part of the purchase price of the property or

---

**1.** It is the second requirement which represents a major change in the law. In *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Court was asked to determine the ability of the debtor to avoid a judgment lien on property which would otherwise be exemptible, but for the lien. Under Florida law, the debtor could not avoid the encumbrance. However, the Court determined that a debtor's entitlement to an exemption, and accordingly his ability to avoid a lien which it impairs, in a state which has opted out of the federal exemptions is determined under federal law and not the law of the individual state. Thus, the court paid little deference to the state. However, with the passage of § 522(f)(3), the state has been given the ability to prohibit the avoiding of a lien to the extent it exceeds $5,000.

against the claim or interest of a holder of a security interest, land contract, condominium or homeowners association assessment or maintenance lien or both, mortgage or any consensual or statutory lien.

This statute, despite its opacity and its confusing disjunctions, expressly prohibits the avoiding of a consensual lien; the very type of lien at issue. Because Wisconsin law prohibits the avoiding of consensual liens, the second prong of the test has been met. However, unlike the state which prohibits the avoidance of a consensual lien, § 522(f)(3) only limits the amount that may be avoided in "tools of the trade" to $5,000. Because the transaction fits within § 522(f)(3), Parrish may avoid Bank's lien, to the extent of $5,000. It may be so ordered.