In re Steven F. **EHLEN** and Beth L. Ehlen, Debtors.

**UNITED STATES of America,** Creditor–Appellant,

v.

Steven F. **EHLEN** and Beth L. Ehlen, Debtors–Appellees.

No. 96–C–0981–C.

United States District Court, W.D. Wisconsin.

April 7, 1997.

Richard D. Humphrey, Asst. U.S. Attorney, Madison, WI, for U.S.

Howard D. White, White, Welter & Schilling, Eau Claire, WI, for Steven F. Ehlen and Beth L. Ehlen.

## OPINION AND ORDER

CRABB, District Judge.

This is an appeal from a final order of the United States Bankruptcy Court for the Western District of Wisconsin granting the motion of debtors-appellees Steven and Beth Ehlen to avoid a lien on their farm implements in the amount of $7500 for each debtor, rather than the $5000 the government contends should be the maximum amount each debtor can avoid. *In re Ehlen*, 202 B.R. 742 (Bankr.W.D.Wis.1996). At issue is the interplay of 11 U.S.C. § 522(f)(3) and the Wisconsin laws on exempt property.

Jurisdiction is present. 28 U.S.C. § 158(a). There are no facts in dispute. The bankruptcy court's decision is a pure question of law that is reviewed de novo. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994); Bankruptcy Rule 8013. The factual background of the case follows, drawn from the bankruptcy judge's finding of facts and conclusions of law.

## FACTUAL BACKGROUND

Debtors-appellees Steven and Beth Ehlen filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In their bankruptcy schedules, debtors listed a number of farm implements, claiming these items as exempt under Wis. Stat. § 815.18(3)(b). The United States holds a blanket nonpossessory, nonpurchase money security interest in this equipment, through the Farm Service Agency.

On or about January 2, 1996, debtors moved to avoid appellant's security interest in the machinery listed in their bankruptcy schedules. The United States objected to the motion, arguing that the value of the items exceeded the $15,000 exemption for tools of the trade to which appellees are entitled under Wisconsin law. Alternatively, the United States contended that the $5,000 cap per debtor specified in § 522(f)(3) of the Bankruptcy Code applied to debtors' lien avoidance powers in farm implements or tools of trade under § 522(f)(1), so that debtors were entitled to avoid no more than $10,000 of appellant's lien.

On June 6, 1996, the bankruptcy court approved the parties' stipulation that the value of the items of machinery and equipment at issue was $22,820. On October 16, 1996, the court granted the debtors' motion to avoid appellant's lien to the full extent of the Wisconsin exemption, or $15,000.

## OPINION

■ The Bankruptcy Code allows the states to define what property a debtor may exempt for himself and his dependents from the bankruptcy estate that will be distributed to his creditors. 11 U.S.C. § 522(b); *Owen v. Owen*, 500 U.S. 305, 306, 111 S.Ct. 1833, 1834, 114 L.Ed.2d 350 (1991). The Code also provides that the debtor can eliminate certain liens encumbering exempt property. 11 U.S.C. § 522(f); *Owen*, 500 U.S. at 306, 111 S.Ct. at 1836. Ordinarily, such liens and other interests in property survive bankruptcy, *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991), and can be enforced on exempt property, including homestead property. In § 522(f), however, Congress has made provision for debtors to avoid the fixing of some liens on property that they could have exempted from the bankruptcy estate (and kept from their creditors) had it not been for the lien. The provision is not without its critics. The Court of Appeals for the Seventh Circuit has pointed out that it provides

no benefit to farmers generally to permit them to avoid liens to which they have consented; rather, it increases the cost of borrowing, since lenders know that debtors can control the timing of bankruptcy and "use it to take maximum advantage of the exemptions." *In re Patterson*, 825 F.2d 1140, 1142 (7th Cir.1987). Regardless of the economic consequences, Congress has determined that some lien avoidance should be permitted to persons filing bankruptcy, in order to help them make a fresh start after the proceeding is complete.

 Under § 522(b), a debtor has a choice between the federal exemptions set out in subsection (d) of § 522 and the exemptions provided under state law, unless the debtor is the resident of a state that has opted out of the federal exemptions, which is not the case in Wisconsin. *See generally* Lawrence B. King, *Collier on Bankruptcy*, ¶ 522.01, at 522–10 to 522–12 & n. 2 (15th ed.1996) (providing overview of § 522 and listing opt-out states). Under subsection (f) of § 522, the debtor can avoid certain liens on otherwise exempt property, bring the property into the bankruptcy estate and then exempt it from the estate. This apparently convoluted procedure is necessary because only property that comes within the bankruptcy estate may be exempted from it. *Owen*, 500 U.S. at 308, 111 S.Ct. at 1835. "Described in its simplest terms, section 522(f) permits a debtor to wipe out the interest that a creditor has in particular property if the debtor's interest in that property would be exempt but for the existence of the creditor's lien or interest." 4 King, *supra*, ¶ 522.11 at 522–74. Tools of the trade such as the debtors' farm machinery are covered by § 522(f) and nonpossessory, nonpurchase money security interests are included in the interests to which the statute applies.

Before 1994, it was clear that a Wisconsin debtor who filed a federal bankruptcy proceeding and chose the state exemptions could avoid a nonpossessory, nonpurchase money security interest in tools of the trade to the maximum amount of the exemption permitted under Wisconsin law (currently set at $7500 per debtor). *See In re Thompson*, 867 F.2d 416, 419–21 (7th Cir.1989); *In re Wink*,

137 B.R. 297, 300 (Bankr.W.D.Wis.1992). However, the passage of the Bankruptcy Reform Act of 1994 clouded the picture. Congress added paragraph 3 to § 522(f). This paragraph sets a $5000 per debtor limit on the avoidance of a lien such as the one at issue here in any case in which the state exemption law applicable to the debtor

(A) permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and

(B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;

The basic idea of these rather clumsy paragraphs is that if the applicable state law fits one or the other of the two alternative conditions in both paragraphs, the debtor's lien avoidance is capped at $5000 per debtor for tools of the trade. In analyzing the provision, the bankruptcy court found as to subpart (A) that the second alternative condition was not applicable because Wisconsin has not opted out of the federal exemptions. However, Judge Utschig concluded that the debtors met the first alternative of subpart (A), because this provision was meant to apply to " 'cases in which the debtor has voluntarily chosen the State exemptions.' " *Ehlen*, 202 B.R. at 747 (citing 140 Cong. Rec. H10,764 (daily ed. Oct. 4, 1994), H.R.Rep. No. 835, 103d Cong., 2d Sess. 41, 42 (1994)). As Judge Utschig noted, this is the only logical way to interpret the phrase, "voluntarily waive a right to claim exemptions under subsection (d)." To read it literally would render the phrase meaningless, since there is little if any likelihood that any state could permit a debtor to waive his right to claim exemptions when § 522(e) makes waivers of exemptions unenforceable. Neither party challenges this portion of the bankruptcy court's holding.

The real complications arise in interpreting the two alternative conditions of subpart (B). Judge Utschig found that the first alternative

was inapplicable. He looked to Wis. Stat § 815.18, which lists certain types of property exempt from creditors' claims, and subsection (3)(b), which contains a limitation of $7500 for each debtor on the exemption on tools of the trade. Consequently, Judge Utschig concluded, it cannot be said that state law permits the debtor to claim exemptions without limitation in amount, as the first alternative condition in subpart (B) of § 522(f)(3) requires.

▆▆▆ The United States sees the matter differently. It argues that the first alternative condition is met because Wisconsin law does permit debtors to claim exemptions for some things such as child support or federal disability insurance in unlimited amounts. Although subsection (f)(3)(B) makes a general reference to unlimited exemptions under state law, it must be construed in context. *See Matter of Merchants Grain, Inc. By and Through Mahern*, 93 F.3d 1347, 1354 (7th Cir.1996) ("[W]e view words not in isolation but in the context of the terms that surround them; we likewise construe statutes in the context of the entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, or redundant."). Subsection (3) of § 522(f) was intended to limit a debtor's avoidance powers regarding state exemptions for certain tools of trade. Thus, it is reasonable to infer that when Congress addressed the applicability of the avoidance limits of § 522(f)(3) in subpart (B), it intended courts to consider whether the specific state exemption at issue was unlimited, not whether other unrelated exemptions might be unlimited. The bankruptcy court was correct in holding that the first alternative of subpart (B) is not applicable where, as here, state exemption law places a limit on the amount of the exemption at issue.

As to the second alternative of subparagraph (B), the United States contends that Wis. Stat. § 815.18(12) contains a prohibition of the avoidance of a consensual lien on property that would otherwise be eligible for exemption. To understand this contention, it is necessary to review § 815.18, which is part of Chapter 815, relating to the execution of property to satisfy certain creditors' claims. Section 815.18 enumerates certain types of

property that are exempt from creditors' claims, that is, "free from any lien obtained by judicial proceedings and ... not liable to seizure or sale on execution or on any provisional or final process issued from any court." In § 815.18(12), the subsection on which the government relies, the state imposes limits on exemptions, as follows:

Limitations on exemptions. No property otherwise exempt may be claimed as exempt in any proceeding brought by any person to recover the whole or part of the purchase price of the property or against the claim or interest of a holder of a security interest, land contract, condominium or homeowners association assessment or maintenance lien or both, mortgage or any consensual or statutory lien.

If this statute "prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property" as required under § 522(f)(3)(B), then the monetary cap in § 522(f)(3) applies and the bankruptcy court should have limited the debtors' lien avoidance to $10,000.

Aside from Judge Utschig's decision in this case and an opinion from the bankruptcy court for the District of Minnesota, *In re Zimmel*, 185 B.R. 786 (Bankr.D.Minn.1995) (holding § 522(f)(3) inapplicable under Minnesota exemption law), the only other published opinion addressing application of § 522(f)(3)(B) is Judge Martin's decision in *In re Parrish*, 186 B.R. 246 (Bankr.W.D.Wis. 1995). The two Western District of Wisconsin bankruptcy judges seem to agree that under the second alternative in subpart (B), state law must expressly prohibit avoidance of the lien at issue. However, although Wis. Stat. § 815.18(12) does not mention lien avoidance, Judge Martin reads the statute as an express prohibition on avoidance of a consensual lien. *Parrish*, 186 B.R. at 248. Unfortunately, he does not explain the reasoning that leads to this conclusion, saying only that despite the Wisconsin statute's "opacity and its confusing disjunctions," *Id.* at 248, it provides an express prohibition on lien avoidance. He is correct that § 815.18(12) is not a model of clarity but less persuasive when he reads it as prohibiting the avoidance of all consensual liens when it is more plausible to

read it as saying only that property subject to such liens cannot be the subject of a Wisconsin exemption claim.

■■■■ I conclude that Judge Utschig's reading is correct, that is, that "[t]he Wisconsin statute simply provides that property subject to a consensual lien may not be claimed as exempt." *Ehlen,* 202 B.R. at 749. Section 522(f)(3)(B) talks of state law prohibiting the "avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property"; § 815.18 says nothing about avoidance of the lien but speaks only of prohibiting a debtor from claiming an exemption to the extent that otherwise exempt property is subject to a consensual lien. Lien avoidance is distinguishable from an exemption claim, as the Supreme Court made clear in *Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350. They are distinct processes: a lien avoidance claim comes first and an exemption claim comes second. *See id.* at 305, 111 S.Ct. at 1833–34 (lien avoidance allows a debtor to bring an interest into the estate that may then be claimed as exempt). In *Owen,* the Court found that a state exemption law that excepted property subject to certain liens did not affect a bankrupt's right to avoid such a lien under § 522(f), because federal bankruptcy law referred to those exemptions to which the debtor *"would have been* entitled" but for the lien at issue. *Id.* at 311–13, 111 S.Ct. at 1837–38. The Court held that the determination should begin with the question whether avoiding the lien would entitle the debtor to an exemption; if it would, then the lien could be avoided. *Id.* at 312–13, 111 S.Ct. at 1837–38 (lien avoidance proper if but for lien at issue debtor would be entitled to exemption of property as provided under state law). Put another way, to say that a consensual lien on otherwise exempt property may not be avoided is not the same thing as saying that otherwise exempt property subject to a consensual lien may not be claimed as exempt. Moreover, as Judge Utschig noted, if a state law that excepts consensual liens from debtors' exemption claims is the same thing under § 522(f)(3)(B)'s first alternative as a state law that prohibits a debtor from avoiding consensual liens under the second alternative, the second alternative would subsume the first,

in contravention of the rules of statutory construction. *Ehlen,* 202 B.R. at 750. *See Matter of Merchants Grain,* 93 F.3d at 1354 (Congress's words must be given effect within context of statute and without rendering any portion of statute superfluous or redundant). To give proper effect to the language of § 522(f)(3)(B), state law must do more than limit what property can be claimed as exempt; it must prohibit lien avoidance explicitly Wisconsin law does not. Thus, under a plain reading of the text, § 522(f)(3) is inapplicable to debtors' lien avoidance motion.

One aspect of this analysis gives pause: the anomaly of § 522(f)(3)'s reference to a state law prohibiting avoidance of a consensual lien. There is no apparent reason why a state property exemption scheme would refer to lien avoidance, a concept peculiar to federal bankruptcy. *See* 4 King, *supra,* ¶ 522.11[6][c], at 522–90 to 522–91 ("Few, if any [states], prohibit the avoidance of security interests, simply because state law has never dealt with the avoidance of liens."). However, both Judge Utschig and the Minnesota bankruptcy court addressed this concern, pointing out that at least one state, Texas, does prohibit lien avoidance explicitly in its exemption law. *Ehlen,* 202 B.R. at 749; *Zimmel,* 185 B.R. at 794. *See* Tex. Prop. Code. Ann. § 42.002(b) ("Personal property ... may be encumbered by a security interest ... or ... lien fixed by other law, and the security interest or lien may not be avoided on the ground that the property is exempt under this chapter.").

Even if the language of § 522(f)(3)(B) is ambiguous, both Judge Utschig and the Minnesota bankruptcy court noted that the legislative history of § 522(f)(3) supports the conclusion that the lien avoidance requirement of § 522(f)(3)(B) was intended to apply to debtors who utilize state exemption schemes in which lien avoidance is prohibited explicitly. *Ehlen,* 202 B.R. at 749; *Zimmel,* 185 B.R. at 793–95. Both judges found that subsection (f)(3) was enacted to restore the relationship between § 522(f) and state exemption law in a select number of jurisdictions that were affected by the Court's decision in *Owen,* 500 U.S. 305, 111 S.Ct. 1833,

114 L.Ed.2d 350. In holding that § 522(f) lien avoidance applied to debtors who selected state exemptions regardless of the manner in which the state exemption law treated the lien at issue, the Supreme Court changed the law in jurisdictions that previously had prohibited debtors from avoiding liens if property subject to those liens was excepted from the state's exemption, much to the chagrin of certain creditors' groups. *Compare Owen* 500 U.S. at 312–13, 111 S.Ct. at 1837–38 (proper analysis under § 522(f) is to determine whether debtor would be entitled to an exemption but for the lien sought to be avoided) *with Matter of McManus,* 681 F.2d 353, 356–57 (5th Cir.1982) (debtor cannot use § 522(f) to avoid a lien on exempt property when lien fell within exception to exemption under state law). As the Minnesota bankruptcy court stated:

> The *Owen* ruling, in addition to reversing prior bankruptcy law applied in Florida, effectively overruled previously applied bankruptcy law in Louisiana and Texas. Prior to *Owen,* the Fifth Circuit had ruled that 11 U.S.G. § 522(f) lien avoidance was not an available remedy for bankruptcy debtors, where either Louisiana or Texas state exemptions applied. *See Bessent v. United States,* 831 F.2d 82 (5th Cir.1987); *McManus v. Avco Financial Services of Louisiana, Inc.,* 681 F.2d 353 (5th Cir. 1982); *In re Kelly,* 133 B.R. 811 (Bankr. N.D.Tex.1991). * * * 11 U.S.C. § 522(f)(3) was intended to restore the law of bankruptcy lien avoidance applied in Florida, Louisiana, Texas, and perhaps other jurisdictions, prior to *Owen v. Owen.*

*Zimmel,* 185 B.R. at 794. Both Judge Utschig and the Minnesota bankruptcy court found that the second alternative in (f)(3)(B) was directed specifically at Texas law, as evidenced by an interest group statement submitted before a congressional subcommittee that specified that subsection (B) was being added to the legislation to address the "*Owen* problem" in Texas. *Ehlen,* 202 B.R. at 749; *Zimmel,* 185 B.R. at 793–94.

In sum, I conclude that Judge Utschig made the proper determination that 11 U.S.C. § 522(f)(3) did not apply to limit the extent of the debtors' lien avoidance powers in this case. Neither the language nor the history of § 522(f)(3) reveals a congressional intent to substitute the federal monetary limits for the state limits on the lien avoidance powers of debtors who choose the Wisconsin exemptions relating to tools of the trade subject to nonpossessory, nonpurchase money liens.

### ORDER

The bankruptcy court's final order granting the motion of debtor-appellees Steven F. Ehlen and Beth L. Ehlen for avoidance under 11 U.S.C. § 522(f) of the nonpossessory, nonpurchase money lien of appellant United States to the extent of $15,000 is AFFIRMED.